IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMIE TELLO-SANTIAGO,

    Petitioner,

v.                                                                                        No. 2:26-cv-00184-MLG-DLM

WARDEN OF THE OTERO COUNTY
PROCESSING CENTER, et al.,

    Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO CONDUCT A BOND HEARING PURSUANT TO 8 U.S.C. § 1226(a)**

This matter is before the Court on Petitioner Jamie Tello-Santiago's Petition for Writ of Habeas Corpus ("Petition") ("Petition") filed January 28, 2026. Doc. 1. Tello-Santiago, a Mexican citizen, is detained at the Otero County Processing Center in Chapparal, New Mexico. *Id.* at 1 ¶ 1, 3 ¶ 10. He challenges his continued detention and seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a) and to set bond. *Id.* at 11. He also requests the Court grant injunctive relief, including enjoining Respondents from transferring him outside of the State of New Mexico during the pendency before the requested bond hearing. *Id.*[1] Tello-Santiago seeks an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA). *Id.* On February 12, 2026, Federal Respondents[2] filed a Response to the Petition. Doc. 7.

---

[1] The Court in its Order to Show Cause enjoined Respondents from transferring Tello-Santiago outside the District of New Mexico while this proceeding is pending. Doc. 4 at 2-3.

[2] Secretary of the Department of Homeland Security, the Attorney General for the United States, the Acting Director of the Immigration and Customs Enforcement (ICE), and the El Paso Field Office Director of ICE are referred to as "Federal Respondents."

Whether Tello-Santiago is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a), or whether he is instead subject to the mandatory detention provision provided by 8 U.S.C. § 1225(b)(2)(A),³ is a question the Court has already addressed in regard to similarly situated petitioners. *See, e.g.*, *Cortez-Gonzales v. Noem*, No. 2:25-cv-00985, 2025 WL 3485771, at *3-5 (D.N.M. Dec. 4, 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). Like the "vast majority" of courts confronted with this issue, the Court has concluded that § 1226(a)—not § 1225(b)(2)(A)—governs the detention of noncitizens⁴ like Tello-Santiago, who has resided in the United States for the last ten years. Doc. 1 at 4 ¶ 15; *see, e.g.*, *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have been residing in the United States for several years); *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United

---

³ *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

⁴ "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

States was rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A).

Federal Respondents agree the Court's previous rulings control the outcome of this case because "the facts are not materially distinguishable for the purposes of the Court's decision on the legal issue of which statutory provisions govern Petitioner's detention." *See* Doc. 7 at 3. They assert that Tello-Santiago—like other similarly situated persons—is "subject to mandatory detention under § 1225(b)(2), because he was present in the United States without being admitted or paroled." Doc. 7 at 3. In advancing this argument, Federal Respondents once again cite the Board of Immigration Appeals' ("BIA") opinion in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *Id*. The BIA's opinion is not binding on the Court, and the Court rejects the BIA's interpretation of the statutes for the same reasons articulated in its other decisions. *See, e.g.*, *Cortez-Gonzales*, 2025 WL 3485771, at *5 ("This Court is not bound by the BIA's interpretation of the relevant statutes—particularly when the [interpretation] lacks sound legal foundation."); *see also Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 386 (2024) ("The views of the Executive Branch [may] inform the judgment of the Judiciary, but [do] not supersede it."). Federal Respondents also cite the United States Court of Appeals for the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Doc. 7 at 2 n. 2. This is similarly not binding authority, and, respectfully, the Court does not find the majority opinion persuasive.

The Court therefore concludes § 1226(a) governs Tello-Santiago's detention. Respondents' reliance on § 1225(b)(2)(A) to detain Tello-Santiago without a bond hearing constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody

determination . . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights."); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."); *see also Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.")..

Accordingly, the Court hereby grants Tello-Santiago's request for a bond hearing. Federal Respondents are ordered to provide Tello-Santiago with an individualized bond hearing pursuant to § 1226(a) before a neutral immigration judge within seven days[5] of this Order's filing. At the bond hearing, federal Respondents must justify Tello-Santiago's continued detention by clear and convincing evidence.[6] If Federal Respondents fail to meet this evidentiary burden, Tello-Santiago

---

[5] The deadlines in this order are to be calculated in accordance with Federal Rule of Civil Procedure 6.

[6] Several years ago, the United States Supreme Court declined to decide whether the Due Process Clause of the Fifth Amendment to the United States Constitution requires that noncitizens being detained pursuant to § 1225 and § 1226 receive periodic bond hearings "at which the Government proves by clear and convincing evidence that . . . detention remains justified." *Jennings v. Rodriguez*, 583 U.S. 281, 291, 312-14 (2018). "Since *Jennings*, a number of district courts have taken up the question left open by the Supreme Court, and there has emerged a consensus view that where, as here, the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." *Darko v. Sessions*, 342 F. Supp. 3d 429, 435 (S.D.N.Y. 2018). The Court agrees that "given the important constitutional interests at stake, and the risk of harm in the event of error, it is appropriate to require the government to bear the burden . . . ." *Id.* Thus, "in accordance with the overwhelming majority of courts to have decided the issue," the Court "concludes that the government must bear the burden by clear and convincing evidence." *Id.* at 436. Tello-Santiago's strong private interest in being free from detention, the small risk of erroneous deprivation by shifting the burden to Respondents, and the minimal burden

should be released on appropriate conditions. Federal Respondents are further ordered to file a status report within ten days of this Order's filing to certify their compliance. The status report must include when the bond hearing occurred, if bond was granted or denied, and, if bond was denied, the reason(s) for the denial.

If Tello-Santiago does not receive a bond hearing in accordance with this Order, the Court may order his immediate release.

Tello-Santiago's request for attorney's fees and costs under the EAJA shall be considered. *See* 28 U.S.C. § 2412(d)(1)(A); *Delay v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."). Tello-Santiago shall "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses" in accordance with 28 U.S.C. § 2412(d)(1)(B).

It is so ordered.

                                                                                            UNITED STATES DISTRICT JUDGE
                                                                                            MATTHEW L. GARCIA

---

for Respondents to have the burden of proof balance in favor of shifting the burden of proof to Respondents. *See Lopez-Romero v. Lyons*, No. 2:25-cv-01113-MIS-JHR, 2026 WL 92873, at **6–7 (D.N.M. Jan. 13, 2026) (finding the factors set forth in *Matthews v. Eldridge,* 424 U.S. 319, 335 (1976) balance in favor of shifting the burden to the government to demonstrate by clear and convincing evidence that the petitioner does not pose a flight risk or danger to the community during a § 1226 bond hearing).